[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13816
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00332-TFM-SMD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIS COGBURN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 4, 2020)

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Willis Cogburn appeals his convictions for possession of a firearm by a convicted felon and possession of marijuana with intent to distribute. Cogburn contends that the government presented insufficient evidence to prove (1) he knew he was a convicted felon at the time he possessed the firearm and (2) the substance found in his car was marijuana. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Shortly after midnight on July 8, 2017, officers from the Troy Police Department responded to a call near a bar in downtown Troy, Alabama. When they arrived on scene, the officers began dispersing a crowd that had gathered around the bar. One of the officers, Lieutenant Robert Hicks, approached the open passenger-side window of a car parked on the curb blasting loud music. He shined his flashlight inside and saw a man, later identified as Cogburn, in the driver's seat, and an open can of beer in the cupholder. Lt. Hicks also smelled raw marijuana emanating from inside the car. Lt. Hicks asked Cogburn to identify himself and turn the vehicle off, but Cogburn refused.

Lt. Hicks then moved to the driver's side door, and, by this point, the other officers had joined him. Because Cogburn was still not complying with Lt. Hicks's orders, the officers tried to remove him from the car. Cogburn, however, put the car in reverse and attempted to flee, but he crashed into another car a few seconds later. With guns drawn, the officers approached the now immobilized car and ordered

2

Cogburn to exit.  Again, he refused.  This time, the officers grabbed Cogburn, were able to remove him from the car, and brought him to the ground.  As they pulled him out of the car, Cogburn dropped a phone and three small plastic bags containing marijuana.  The officers searched Cogburn and discovered two flip phones and over $400 in cash.  Officer Michael Watts inventoried the car and found (1) a pill bottle with baggies of cocaine and methamphetamine, (2) a trash bag with marijuana, (3) a fully-loaded revolver, and (4) a digital scale.  A grand jury indicted Cogburn for possession of methamphetamine, cocaine, and marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a), possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

The government notified Cogburn of its intent to introduce evidence at trial of his 2013 Georgia conviction for possession of marijuana to prove "his motive and intent to commit the [current drug] offenses."  Cogburn filed a motion in limine, arguing that, although he was "willing to stipulate [to] the fact of a prior qualifying conviction for purposes of the . . . [section] 922(g) charge," his prior conviction was inadmissible because it was unduly prejudicial.

Before trial, Cogburn claimed that his prior conviction did not prohibit him from possessing a firearm under section 922(g) because it was discharged under

3

Georgia's First Offender Act after he completed his sentence.[1]  In response, the government showed the district court a document from a Georgia superior court that was signed by Cogburn, which, according to the government, indicated that Cogburn was a convicted felon at the time he possessed the firearm.  The government further noted that Cogburn's prior offense was considered a felony under Georgia law and had a maximum penalty of imprisonment for a term longer than one year.  The district court denied Cogburn's motion and found that his prior conviction was a predicate offense for purposes of his felon-in-possession charge.

At trial, the government told the district court that the forensic scientist who tested the marijuana in the trash bag found in Cogburn's car, Kevin Lewis, came down with the flu and was unable to testify.  As a result, the government called another forensic scientist, Jessica Glaze, to independently review the chain-of-custody documents and the machine-generated data Lewis produced in his analysis of the marijuana.[2]  Glaze testified that the data Lewis produced showed that the substance he tested "contained marijuana" and that there were no "errors" in the chain-of-custody documents.  Various officers also testified that the substance in the trash bag was marijuana.  Lt. Hicks testified that he had investigated well over one

---

[1] In Georgia, a convicted felon with no prior felony convictions may apply for first-offender status.  O.C.G.A. § 42-8-60(a).  Obtaining first-offender status is not automatic.  See id. § 42-8-61.  If the sentencing court grants a defendant's request, then his "sentence . . . shall be exonerated of guilt and shall be discharged as a matter of law as soon as the defendant [c]ompletes the terms of his . . . probation."  Id. § 42-8-60(e)(1).

[2] Glaze had analyzed the cocaine and methamphetamine but not the marijuana.

hundred marijuana offenses, he was familiar with the drug's smell and appearance, and the evidence found in Cogburn's car was marijuana. Ofc. Watts said he had dealt with marijuana hundreds of times as a law enforcement officer and was familiar with its smell and appearance. Ofc. Watts testified that the car had a "strong" smell of marijuana during his inventory and that, based on his experience, he believed the substance in the trash bag was marijuana. The government also called Chase Avant, a narcotics detective with the police department and a member of the Drug Enforcement Administration's task force, who testified that he had investigated thirty to forty cases involving marijuana and that the substance in the trash bag looked and smelled like marijuana and weighed approximately 100 grams.

The government rested its case, and Cogburn moved for a judgment of acquittal because the government purportedly failed to present sufficient evidence to sustain a conviction on each charge. The district court denied the motion.

Cogburn then testified in his own defense. He claimed he had agreed to give another man a ride to a party and that the can of beer, trash bag of marijuana, scale, and pill bottle of drugs belonged to that man. However, Cogburn admitted the three small plastic bags of marijuana and firearm were his. Lastly, Cogburn said that, on the night of his arrest, he didn't know he was a convicted felon. Cogburn moved for a judgment of acquittal on the same grounds as before, and, again, the district court denied it.

The jury found Cogburn guilty of possession of marijuana with intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime.  The district court sentenced him to 111 months in prison.  This is his appeal.

## DISCUSSION

Cogburn argues that the evidence at trial was insufficient to prove he knew he was a convicted felon at the time he possessed the revolver.  He also contends that the evidence did not sufficiently prove the substance found in his car was marijuana.

### *Cogburn Knew He Was a Convicted Felon*

Cogburn argues he didn't know he was a felon when he possessed the revolver because he believed he had received first-offender status when he completed his sentence for his Georgia conviction.  He contends that the certified judgment the government introduced at trial and his lack of meaningful criminal history suggest he had received such status.  Cogburn thus claims that the district court should have granted his motion for acquittal because the government failed to prove he knew he was a felon.

We review de novo the denial of a motion for judgment of acquittal on sufficiency grounds.  United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007).  When determining sufficiency, we view the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the

6

government's favor.  Id.  We will affirm a district court's denial of a motion for judgment of acquittal if a reasonable jury could conclude that the evidence established the defendant's guilt beyond a reasonable doubt.  Id.  To sustain a conviction for possession of a firearm by a convicted felon under section 922(g), the government must prove that Cogburn knew he was a felon at the time he possessed the firearm.  Rehaif v. United States, 139 S. Ct. 2191, 2195–96 (2019).

Here, the evidence was sufficient for a reasonable juror to conclude beyond a reasonable doubt that Cogburn knew he was a convicted felon when he possessed the firearm.  The certified judgment for Cogburn's prior conviction stated that he was adjudicated guilty for possessing marijuana, he was sentenced to three years of probation, and the "final disposition" of his conviction was "FELONY with PROBATION."  In addition, the checkbox designating first-offender status was left unmarked by the sentencing judge, and the certified judgment provided the following notice:  "**FIREARMS** – If you are convicted of a crime punishable by imprisonment for a term exceeding one year . . . , it is unlawful for you to possess or purchase a firearm including a rifle, pistol, or revolver, or ammunition, pursuant to federal law under 18 U.S.C. § 922(g)(2)."  Right below the notice was Cogburn's signature, which acknowledged that he "read the terms of this sentence" and "underst[oo]d the meaning of the order of probation and the conditions of probation."  Further, Cogburn testified that he didn't know he was a convicted felon

when he possessed the revolver. Where a defendant testifies in his own defense, the jury may disbelieve his testimony, conclude that the opposite of his testimony is true, and consider it as substantive evidence of his guilt. United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995). We find this evidence sufficient to prove the Rehaif element and thus see no error in the district court's denial of Cogburn's motion for acquittal as to his felon-in-possession charge.

*Cogburn Possessed Marijuana*

Cogburn argues that the evidence at trial was insufficient to prove that the substance found in his car was marijuana. The district court, Cogburn contends, erred in allowing Glaze to testify about the machine-generated data Lewis produced because Glaze's testimony "obvious[ly] violat[ed] [his] constitutional rights" and was "the ultimate hearsay testimony." Although he doesn't specify which of his constitutional rights were violated, Cogburn appears to make a Confrontation Clause argument as he takes issue with his inability to "challenge the findings of the report where [a] third party witness was not the originator." In light of these errors, Cogburn argues that the government failed to prove that the substance he possessed was marijuana.

Because Cogburn didn't raise these objections to Glaze's testimony below, we review them for plain error. See United States v. Arbolaez, 450 F.3d 1283, 1291 (11th Cir. 2006). To establish plain error, a defendant must show an "(1) error,

8

(2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quoting United States v. Baker, 432 F.3d 1189, 1202–03 (11th Cir. 2005)).  An error affects a defendant's substantial rights if it was prejudicial—that is, if it "affected the outcome of the district court proceedings."  Id. (quoting United States v. Olano, 507 U.S. 725, 734 (1993)).

Even assuming the district court erred by allowing Glaze to testify that the substance in the trash bag was marijuana, Cogburn's substantial rights were not affected because he has not shown that the verdict would have changed without Glaze's testimony.  "The nature of a substance [such] as marijuana need not be proved by direct evidence where circumstantial evidence establishes beyond a reasonable doubt its identity."  United States v. Rodriguez-Arevalo, 734 F.2d 612, 616 (11th Cir. 1984).  Here, the government produced ample evidence independent of Glaze's testimony establishing that the green, leafy substance in the trash bag was marijuana:  Lt. Hicks, who had extensive experience investigating marijuana offenses, testified that the evidence found in Cogburn's car was marijuana; Ofc. Watts, who had dealt with marijuana hundreds of times as an officer, identified the substance as marijuana; and Agent Avant, the narcotics detective, testified that the substance was marijuana.  Id. (recognizing that the testimony of an agent is "wholly

9

sufficient to establish the identity of [a] substance as marijuana"). Finally, Cogburn admitted at trial that he had "dime bags of marijuana in [his] hand" when he was arrested. With this overwhelming evidence that he possessed marijuana, Cogburn has not met his burden to show that the outcome of the trial would have been different without Glaze's testimony.

**AFFIRMED.**